UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| LIMA REFINING COMPANY,<br>a Delaware company<br>1150 Metcalf Street<br>Lima, Ohio 45804<br><br>    Plaintiff,<br><br> vs.<br><br>WATT EQUIPMENT, INC.<br>an Oklahoma Company<br>2706 South Birmingham Place<br>Tulsa, Oklahoma 74114,<br><br>    Defendants. | CASE NO._____<br><br>JUDGE<br><br><br><br><br><br>**COMPLAINT FOR MONEY DAMAGES**<br><br>(Jury Trial Demanded) |

Plaintiff Lima Refining Company ("LRC"), for its Complaint for Money Damages ("Complaint") against Defendant Watt Equipment, Inc. ("Watt") hereby states as follows:

### THE PARTIES

1. Plaintiff LRC is an oil refinery that produces gasoline, diesel, jet fuel, residual fuels, and petrochemical feedstocks. LRC produces approximately two billion gallons of refined petroleum products annually, including approximately 25 percent of the gasoline consumed in the state of Ohio.

2. Upon information and belief, Defendant Watt is an equipment supplier focusing on selling surplus used gas processing and refining equipment.

14317547.1

**JURISDICTION AND VENUE**

3. Plaintiff LRC is Delaware company, organized under the laws of the State of Delaware, licensed to do business in Ohio, and with its principal place of business in Allen County at 1150 Metcalf Street, Lima, Ohio 45804. LRC is and was at all relevant times a citizen of Ohio.

4. Defendant Watt is an Oklahoma company, organized under the laws of the State of Oklahoma, with its principal place of business at 2706 South Birmingham Place, Tulsa, Oklahoma 74114. Upon information and belief, Watt is and was at all relevant times a citizen of Oklahoma.

5. Watt engaged in a business transaction with an Ohio citizen, entered into a contract in Ohio, and this action arises out of Watt's breach of contract that took place, and the effects of which were felt, in the Northern District of Ohio.

6. This suit seeks damages in excess of $75,000 exclusive of interest and costs.

7. This Court has subject matter jurisdiction over this claim, pursuant to 28 U.S.C. § 1332, as this is a civil action involving damages in excess of $75,000, exclusive of costs and interest, between citizens of different states.

8. Venue properly lies in the Northern District of Ohio, Western Division pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. In or about July 2022, LRC contacted Watt to purchase a wet gas compressor (the "Compressor"). A wet gas compressor is a large machine that can be used in refinery operations.

10. The Compressor was located at a facility in Bakersfield, California.

11. On or about July 28, 2022, Watt provided LRC a revised quotation #Q2088-Rev.2 for the Compressor for $1.75 million and containing details, terms, and conditions (the "Revised Quote"). A true and accurate copy of the Revised Quote is attached as Exhibit 1.

12. The Under express the terms of the Revised Quote, LRC had ninety (90) days from the "***initial shipment*** to inspect shipped equipment to confirm its condition and accept, or reject if in unsatisfactory condition, according to Paragraph 5" of the Terms and Conditions attached to the Revised Quote. *Id.* (emphasis added).

13. Paragraph 5 of the Terms and Conditions, titled "Right to Inspect and Reject," contained boilerplate language that conflicted with the terms of LRC's right to inspect and reject the Compressor as expressly specified in the body of the Revised Quote and as quoted in ¶ 12 above. Specifically, Terms and Conditions ¶ 5 stated that LRC would have only ten (10) days—as opposed to 90 days—to inspect and accept or reject the Compressor measured from the "date of delivery to [LRC]," as opposed to the date of "initial shipment." *Id.*

14. On July 29, 2022—one day after Watt sent LRC the Revised Quote—Watt sent an email stating that "[i]n preparing the revised quotation I did not take a look at the 'boiler plate' provisions on page 2," and expressly modified Terms and Conditions ¶ 5 to be consistent with the right to inspect within the body of the Revised Quote. A true and accurate copy of the 7/29/22 Watt Email is attached as Exhibit 2.

15. Pursuant to the 7/29/22 Watt Email, Watt revised Terms and Conditions ¶ 5 to state the following:

> All Equipment is subject to inspection and/or non-destructive testing within **ninety (90) days of date of initial shipment** to Purchaser or its agent for the purpose of determining that the condition of Equipment is satisfactory to Purchaser. ... Equipment shipped prior to inspection by Purchaser, ... may be rejected by: (1) written notice of such rejection received by Seller; and (2) return shipment of rejected Equipment, at Purchaser's expense, to Seller, if such notice is received and return shipment is made within ninety (90) days of date of initial shipment ... . Upon timely receipt of Purchaser's notice and return shipment, **Seller shall reimburse Purchaser** for any portion of the purchase price for returned Equipment theretofore received by Seller.

Id. (the "Revised Term") (emphasis added).

16. Based on the Revised Quote, LRC issued a revised purchase order to Watt to acquire the Compressor for $1.75 million (the "Purchase Order"). A true and accurate copy of the Purchase Order is attached as Exhibit 3.

17. Pursuant to the express terms of the Purchase Order, the shipping address for the Compressor and billing address was LRC's principal place of business in Lima, Ohio. The Purchaser Order expressly incorporated the Revised Quote by reference and stated that "[t]his PO will be governed by the Terms and Conditions outlined on the Quote# 2088-Rev.2." Revised Quote at p 3.

18. The Purchase Order and Revised Quote as modified by the Revised Terms, collectively, constitutes a valid and enforceable agreement (the "Contract").

19. Under the terms of the Contract, LRC was required to pay a "refundable cash deposit in the amount of 50% of the cash purchase price," or $875,000 (the "Deposit"). Id.

20. Additionally, the Contract specified that the Compressor would not "be released" to LRC until Watt's "receipt of payment" of the Deposit. Revised Quote at p.1.

21. LRC paid the Deposit to Watt August 5, 2022.

4

14317547.1

22. The Contract stated that the "Estimated Pickup," i.e. date of shipment, was "August 15th – September 30, 2022." *Id*.

23. At all relevant times, prior to LRC picking up the Compressor, it remained Bakersfield, CA.

24. LRC or its agent took possession of the Compressor and removed it from the Bakersfield location on August 25, 2022 (the "Shipment Date")—within the estimated window for the date of shipment—thereby initiating the 90-day window for LRC to inspect and either accept or reject the Compressor.

25. In accordance with the Contract, the 90-day window would close on November 23, 2022.

26. LRC arranged for delivery of the Compressor to the Elliott Group in Fairfield, CA for pre-purchase inspection.

27. After inspection of the Compressor's condition, LRC chose to exercise its option to reject and return the Compressor.

28. On November 8, 2022—two weeks before the expiration of 90-day window—LRC provided a written rejection notice to Watt ("Rejection Notice"), attaching two inspection reports from the Elliott Group totaling eighty-six (86) pages, and informed Watt that the Compressor "shall be returned to the Bakersfield facility within the 90-day period (i.e., on or before November 23, 2022)." A true and accurate copy of the Rejection Notice, with excerpts from the inspection report, is attached as Exhibit 4.

29. LRC further informed Watt in the Rejection Notice that, upon the return of the Compressor, Watt must refund the $875,000 Deposit. *Id*.

5

30. LRC attempted to arrange for the return of the Compressor to the Bakersfield location—at LRC's cost—but Watt refused to accept return the Compressor within the 90-day window.

31. LRC has continues to proffer the return of the Compressor, but Watt continues to reject accepting the Compressor.

32. By failing to cooperate in the return of the Compressor, Watt has intentionally frustrated LRC's ability to return the Compressor within the 90-day window.

## CLAIMS FOR RELIEF

### COUNT I
### (Breach of Contract)

33. Plaintiff incorporates by reference Paragraphs 1-32, as if set forth fully herein.

34. Like all Contracts in Ohio, the Contract contains an implied covenant of good faith and fair dealing prohibiting Watt from acting in any manner that would deprive LRC of its rights to receive the benefits it reasonably believed were promised to it under the Contract.

35. LRC timely provided Watt with the Rejection Notice with attached inspection report and timely proffered the return of the Compressor.

36. Watt's failure to cooperate in the return of the compressor frustrated LRC's effort to do so.

37. LRC fully performed all its obligations under the Contract, except for that portion where Watt prevented LRC's performance, specifically regarding the return of the Compressor.

38. LRC is therefore entitled to the return of the Deposit.

39. Watt has breached the express provisions of the Contract by failing to return the Deposit to LRC and has breached the implied covenant of good faith and fair dealing by frustrating and preventing LRC's efforts to return the Compressor.

40. As a direct and proximate result of Watt's breach of contract, LRC has sustained damages in an amount to be determined at trial, but in excess of $75,000. LRC is also entitled to prejudgment interest on the past-due amount.

## COUNT II
### (Unjust Enrichment)

41. Plaintiff incorporates by reference Paragraphs 1-40, as if set forth fully herein.

42. LRC conferred a benefit upon Watt by virtue of paying the pre-inspection Deposit.

43. Watt has knowledge of the benefit conferred upon it by LRC.

44. Watt has been unjustly enriched at LRC's expense by virtue of the benefit conferred upon it by LRC, and Watt has retained the benefit.

45. It would be inequitable and unjust for Watt to retain the Deposit without restitution to LRC.

46. As a direct and proximate result of Watt's unjust enrichment, Watt is liable to LRC in an amount to be determined at trial, but in excess of $75,000. LRC is also entitled to prejudgment interest on the past-due amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LRC respectfully requests that this Court grant judgment in LRC's favor against Watt for the following relief:

A) The return of the full $875,000 Deposit;

B) Prejudgment interest on the full amount of the Deposit;

C) LRC's reasonable attorneys' fees, costs, and expenses;

D) Any and all other relief in law and equity as the Court finds just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| | /s/ Robert B. Port |
| OF COUNSEL: | Robert B. Port (0078329) |
| | Michael B. Pascoe (0080899) |
| HAHN LOESER & PARKS LLP | Hahn Loeser & Parks LLC |
| | 200 Public Square, Suite 2800 |
| | Cleveland, Ohio 44114 |
| | Phone: (216) 274-2316 |
| | Fax: (216) 241-2824 |
| | Email: rport@hahnlaw.com |
| | mpascoe@hahnlaw.com |
| | |
| | *Attorneys for Plaintiff Lima Refining Company* |
| Dated: January 18, 2023 | |

14317547.1